# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CHAD HATTEN, § | |
| § | |
| Defendant-Petitioner, § | |
| § | |
| VS. § | CRIMINAL NO. H-05-0244-1 |
| § | CIVIL ACTION H-07-2288 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent. § | |

## MEMORANDUM AND ORDER

Chad Hatten pleaded guilty in October 2005 to a five-count superseding criminal indictment charging him with fraud in connection with access devices, access device fraud, and aggravated identity theft. There was no written plea agreement. Hatten was sentenced to a 90-month prison term. His direct appeal was dismissed on July 11, 2007. This court denied his motion for relief under 28 U.S.C. § 2255 in July 2008. Hatten has appealed from that judgment. In the criminal case, Hatten has filed a motion seeking return of property (Docket Entry No. 144), and a motion seeking retroactive application of sentencing guidelines under 18 U.S.C. § 3582 (Docket Entry No. 147).

## I.   The Motion for Reduction in Sentence

Hatten asserts that he is entitled to relief under section 3582 because he has given substantial assistance to the government during his incarceration. Hatten asserts that his assistance has resulted in beatings from other inmates, with lasting injuries. He asserts that

he has been placed on suicide watch and administered drugs as a result of the toll resulting from the repeated beatings. He accuses "corrupt BOP officials" of sanctioning many of the beatings.

Under section 3582(c), a district court may only modify a defendant's terms of imprisonment in limited circumstances: (1) upon motion of the Director of the Bureau of Prisons, which clearly is inapplicable here; (2) if expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure ; or if the Sentencing Commission has subsequently amended and lowered the sentencing range. *See* 18 U.S.C. § 3582(c)(1)-(2). Hatten has not alleged that the Sentencing Commission has amended and lowered his sentencing range. Rule 35 provides district courts with the authority to correct or reduce a sentence when it results from, inter alia, "arithmetical, technical, or other clear error," or upon a substantial assistance motion by the government. See Fed. R. Crim. P. 35. The government has not filed a motion under Rule 35. No other statute expressly permits the sentence reduction Hatten seeks.

Hatten's invocation of section 2243 does not help his argument. Section 2243 provides, *inter alia,* that the federal courts shall dispose of a habeas corpus petition "as law and justice require." Although section 2243 allows a court to reduce a sentence under section 3582(c)(1)(B) if that sentence has been held unconstitutional or unlawful, United States v. Triestman, 178 F.3d 624 (2d Cir. 1999), no such finding has been made in this case.

To the extent Hatten's motion challenges the execution of his sentence and is appropriately considered under section 2241, it is filed in the wrong district. A section 2241

petition on behalf of a sentenced prisoner must be filed in the same district where the prisoner is incarcerated. *See Lee v. Wetzel,* 244 F.3d 370, 372 (5th Cir.2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). Hatten is currently incarcerated at the United States Penitentiary in Minnesota.

Hatten's motion for reduction in sentence is denied.

## II.     The Motion for Return of Property

Hatten also moves for the return of his property. He argues that $9,000 was seized in excess of the restitution and $500 special assessment. Hatten argues that the criminal penalty totaled $67,815, but that the government seized $76,000. The court applied the seized funds to the restitution obligation and mandatory assessment; Hatten seeks the return of the remaining amount. Hatten alleges that the government has also maintained a lien on property located at 8427 Hearth Drive #33 in Houston, Texas. The restitution order has been satisfied.

The government has not responded to Hatten's motion. The government is ordered to do so by **October 10, 2008,** providing information as to the amount and value of the seized assets and whether there is more than needed to satisfy the criminal monetary penalty.

SIGNED on September 25, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3