**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-05-244 |
| | § | |
| CHAD HATTEN | § | |

**MEMORANDUM AND ORDER**

Chad Hatten moves for return of $9,000 in seized funds and to have a lien removed from a condominium he owned. (Docket Entries No. 144, 152). The government has responded to the motions and has moved for an order reinstating a restitution order with modification as to the identity of the victims.

The $9,000 is a portion of funds seized by Secret Service agents from Hatten's bank account ($52,148.42) and brokerage account ($24,000). The funds were seized because of the connection to credit card fraud. After an administrative forfeiture proceeding, these funds were forfeited to the United States on June 5, 2006.

Chad Hatten pleaded guilty in October 2005 to a five-count superseding indictment charging fraud in connection with access devices, access device fraud, and aggravated identity theft. There was no written plea agreement. Hatten was sentenced to a 90-month prison term. The restitution obligation in the judgment required Hatten to pay $67,815.00 to the entity identified in the presentence report as the victim, VISA USA.

In August 2008, this court amended the judgment to reduce the restitution amount to $0. This order was based on the incorrect assumption that the restitution obligation stated

in the judgment had been satisfied by application of the forfeited funds. A year later, Hatten moved for return of $9,000 of the forfeited funds, the amount that those funds exceeded the restitution obligation that had been in the judgment.

The government argues that Hatten has no right to recover the $9,000. This court agrees. The Mandatory Victim Restitution Act ("MVRA") provides that the restitution amount is to be set without considering whether a victim has received compensation for the loss from another source. 18 U.S.C. § 3664(f)(1)(B). Several circuits have discussed whether under the MVRA, restitution payments may be offset against amounts forfeited to the government. *See United States v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004) (declaring that "it is clear from the plain language of the statute that the district court was required in the first instance to set the amount of Bright's restitution obligation based on his victims' collective losses and without regard to forfeited funds"); *United States v. Alalade*, 204 F.3d 536, 540 (4th Cir.2000) (declaring that the plain language of the MVRA "did not grant the district court discretion to reduce the amount of restitution required to be ordered by an amount equal to the value of the property seized from Alalade and retained by the government in administrative forfeiture"); *United States v. Leon-Delfis*, 203 F.3d 103, 116 (1st Cir.2000) (declaring that "language of the . . . statutes regarding restitution is plain and allows the district court no discretion"); *United States v. Emerson*, 128 F.3d 557, 566-67 (7th Cir.1997) (declaring that sentencing court has the statutory authority to impose both restitution and forfeiture, and there is no legal authority to offset one from the other)

(discussing *United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 586-89 (3d Cir.1996)).

It is true that "the restitution statutes do not permit victims to obtain multiple recoveries for the same loss." *United States v. McDaniel,* 398 F.3d 540, 555 (6th Cir.2005). Section 3664(j) provides: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2). In *Alalade*, the Fourth Circuit noted, "we need not decide, and we express no opinion on, the effect upon the district court's calculation of the full amount of a victim's loss under the MVRA when the victim receives property or cash from the Department of Justice through its remittance program involving property or cash seized by the government in administrative forfeiture in connection with the case." *Alalade*, 204 F.3d at 541 n.5. Similarly, in *Bright*, the Ninth Circuit did not decide "[what] offsets might be due when a defendant's funds have been forfeited and paid to the victims." *Bright*, 353 F.3d at 1122-23; *see also United States v. Doe,* 374 F.3d 851 (9th Cir.2004) (leaving open the possibility that disbursements to the victims from forfeited funds could offset a restitution order but rejecting the offset claim in that case because the defendant did not allege that any forfeiture proceeds were distributed to victims); *United States v. Ruff*, 472 F.3d 1044, 1045 (8th Cir. 2007) (rejecting offset because the proceeds from confiscated items were not shown to have been paid to the victim).

In this case, there is no showing that the government has paid, much less made whole,

any of the victims with the money that was seized from Hatten's bank and brokerage accounts and administratively forfeited to the government, as disgorgement of Hatten's criminally derived funds. The government deposited the forfeited funds into the treasury. Restitution is about making victims whole, not disgorging proceeds of illegal activity or moneys used in illegal activity. *See United States v. Emerson,* 128 F.3d at 566 (rejecting claim that restitution should be offset by forfeiture amount). The fact that the defendant's ability to pay restitution has been diminished by the seizure of his funds is not to be considered in deciding whether to award restitution or what amount to award.

No rule or statute authorized this court to require the government to use the forfeited funds to pay Hatten's restitution obligation. Because the victims of Hatten's criminal conduct have not received any of the forfeited funds or other restitution payment, Hatten is not entitled to have the restitution obligation shown as satisfied or reduced. No rule or statute authorized this court to reduce the amount of restitution imposed on Hatten under the MVRA by modifying the amount in the judgment more than a year after it was entered.[1]

---

[1] The court, "in certain circumstances, [is authorized] to modify or adjust an order of restitution pursuant to 18 U.S.C. § 3664(o)." Section 3664(o) provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that-
> (1) such a sentence can subsequently be-
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5) [where victim discovers additional losses]; or
> (D) adjusted under section 3664(k), 3572 [relating to fines], or 3613A [default]; or
> (2) the defendant may be resentenced under section 3565 [upon revocation of

Accordingly, the order reducing the restitution obligation to $0 was in error. That order is vacated.

Hatten has no entitlement to the $9,000 that was part of the funds administratively forfeited as property involved in criminal conduct or the proceeds of such criminal conduct. Hatten's motion to have the $9,000 returned is denied.

Hatten's motion to require the government to lift the lien against 8427 Hearth Drive #33 in Houston, Texas, is also denied. Hatten has not owned this property since it was sold at a foreclosure sale on March 6, 2007.

The government moves to amend the restitution order to include a list of victims that was mistakenly omitted from the judgment because the victim was misidentified in the PSR. The government identifies no statutory or rule basis for such an amendment. The government may supplement its briefing no later than January 15, 2009 to clarify the basis for such a modification.

SIGNED on January 5, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

probation] or 3614 [upon failure to pay restitution].
18 U.S.C. § 3664(o).