UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05-cr-00244 |
| | § | |
| CHAD HATTEN, | § | |
| Defendant. | § | |

### AMENDED GOVERNMENT
### MOTION TO MODIFY RESTITUTION ORDER

United States of America moves to amend its motion to modify the restitution order and states that the Government moves under Fed. R. Crim. P. 36 for an order modifying the names of the victim in the restitution order.

Under Fed. R. Crim. P. 36, the Court may correct a clerical error in a criminal judgment at anytime. Specifically, Rule 36 states that "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." *United States v. Spencer,* 513 F.3d 490, 491 (5th Cir. 2008).

The Government submits that the misidentification of the victims in the presentence investigation report (PSI) was a clerical error.  This error does not affect the amount of restitution.  The U.S. Court of Appeals for the Eleventh Circuit deemed a similar error in misidentifying the restitution payee to be a clerical error.  In *United States v. Portillo,* 363 F.3d 1161(11th Cir. 2004), the Eleventh Circuit affirmed a district court's correction of the identity of the victims when the true victims were six aliens but the judgment stated that the victim was the Georgia Bureau of Investigation.  The Eleventh Circuit held that:

> With regard to the court's correction of the judgment to state that [defendant] Portillo shall pay restitution to the six aliens, we find that the mistake was clerical in that it was minor and mechanical in nature. The Rule 36 order did not fundamentally alter Portillo's sentence, because it did not increase the restitution amount initially imposed at sentencing. The order merely changed the payees from the GBI [Georgia Bureau of Investigation] to the six aliens who were directly injured by Portillo's crime.

*United States v. Portillo,* 363 F.3d at 1165.  *See also United States v. Spencer,* 513 F.3d at 492 ("an amendment pertaining to the allocation of restitution, without altering the total restitution amount, is a "clerical" correction, as it is "minor and mechanical in nature"(quoting *United States v. Portillo,* 363 F.3d at 1165)).

Accordingly, the Government moves to amend the restitution order to

include the list of victims that was omitted from the judgment .

                          Respectfully submitted,

                          Tim Johnson
                          United States Attorney

By:   /s/ Albert Ratliff
      Albert Ratliff
      Assistant United States Attorney
      Attorney-in-Charge
      NY Bar No. 1073907
      SDTX Bar No. 6764
      United States Attorney's Office
      P. O. Box 61129
      Houston, Texas  77208
      Office (713) 567-9579
      Fax (713) 718-3300

## CERTIFICATE OF CONFERENCE

There was no conference because the Defendant is presently serving a federal sentence at the Federal Correctional Institution in Sheridan, Oregon.

                          /s/ Albert Ratliff
                          Albert Ratliff
                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of this motion was mailed by first class, certified mail and return receipt requested to Defendant Chad Hatten on January 16, 2009.

                          /s/ Albert Ratliff
                          Albert Ratliff
                          Assistant United States Attorney